UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY JEROME MITCHELL,

    PLAINTIFF,

-vs-                                            Case No. 1:16-cv-00018-WTH-CJK

NANCY A BERRYHILL, COMMISSIONER OF SOCIAL SECURITY,

    DEFENDANT.
_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated August 9, 2017. (ECF No. 26). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The time for filing objections has passed, and none have been filed.

Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted. Thus, under sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying benefits is reversed and the matter remanded to the Commissioner for further consideration.

A remand under sentence four is considered a final judgment. *Bergen v. Commissioner*, 454 F.3d 1273 (11th Cir. 2006). Thus, absent a court order stating otherwise, a successful plaintiff's counsel would normally have fourteen days after the

order of remand to file a motion with the District Court requesting an award of attorney fees. Fed. R. Civ. P. 54(d)(2)(B). This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid from plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1). *Bergen*, 454 F.3d at 1277-78. However, plaintiff's counsel in such a case will not know the amount of benefits - and therefore fees - until after the Commissioner awards benefits, which typically takes longer than fourteen days after the entry of judgment. Therefore, an extension of time to seek such fees is warranted, and was recommended by the *Bergen* opinion. Id.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein by reference. The Clerk is directed to enter final judgment stating as follows:

> The decision of the Commissioner, denying benefits, is reversed. This case is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further consideration of the VA disability rating and the combined effect of plaintiff's impairments.

Pursuant to *Bergen*, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b), are stayed until the matter is fully adjudicated upon remand. The plaintiff shall file a motion to award fees under § 406(b) within 30 days after counsel receives notice from the Commissioner as to plaintiff's past due benefits, if any are awarded.

*Case No: 1:16-cv-00018-WTH-CJK*

This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

The Clerk is directed to close the file.

**DONE and ORDERED** at Gainesville, Florida this 12th day of October, 2017.

_____
UNITED STATES DISTRICT JUDGE